**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

NATALIE J. OKSEN,

             Plaintiff,

         -v-                                5:25-CV-822 (AJB/MJK)

FORT DRUM MOUNTAIN
COMMUNITY HOMES, LLC _et al._,

             Defendants.

_____

**APPEARANCES:**                      **OF COUNSEL:**

NATALIE J. OKSEN
Plaintiff, Pro Se
6557A Pinehurst Drive
Fort Drum, NY 13603

**Hon. Anthony Brindisi, U.S. District Judge:**

### ORDER ON REPORT & RECOMMENDATION

On June 25, 2025, _pro se_ plaintiff Natalie J. Oksen ("plaintiff"), the spouse of a military servicemember, filed this civil action alleging that defendants violated her rights under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the Servicemembers Civil Relief Act ("SCRA"), and related state law.  Dkt. No. 1.  Along with her complaint, plaintiff also moved for leave to proceed _in forma pauperis_ ("IFP Application").  Dkt. No. 2.

On July 25, 2025, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application and, after an initial review of her pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed in its entirety.  Dkt. No. 6.  In Judge Katz's view, plaintiff's initial complaint failed to state any claims for relief under the relatively "forgiving" standard that applies on initial review.  _See id._

- 1 -

On August 27, 2025, this Court adopted Judge Katz's R&R over plaintiff's objections. Dkt. No. 8.  In so doing, the Court reasoned that plaintiff was (and is) *pro se* and that this was only her first attempt at pleading claims based on the fact pattern she had outlined in her complaint.  *Id*. The Court gave plaintiff a thirty-day period in which to submit an amended complaint that "cure[d] the deficiencies identified in Judge Katz's R&R."  *Id*.  Thereafter, plaintiff received several extensions of time, Dkt. Nos. 11, 13, 16, and eventually filed an amended complaint.  Dkt. No. 17.

On January 21, 2026, Judge Katz advised in a second R&R that plaintiff's amended complaint be dismissed with partial leave to amend.  Dkt. No. 18.  There, Judge Katz explained that plaintiff had—for a second time—failed to plausibly allege an FHA § 3604(f) discrimination claim and therefore further leave to amend that claim would be unwarranted.  *Id*.  However, Judge Katz opined that, with the benefit of further leave to amend, might be able to plausibly allege an FHA § 3617 retaliation claim based on defendants' enforcement of the pet policy against her.  *See id*. Accordingly, Judge Katz recommended that plaintiff's amended complaint be dismissed with *partial* leave to amend so that she could attempt to replead her FHA § 3617 retaliation claim.  *Id*.

Plaintiff has filed an "emergency" motion for a temporary restraining order and a preliminary injunction.  Dkt. No. 19.  She also filed a notice of supplemental facts, Dkt. No. 20, and, after receiving an extension of time in which to do so, Dkt. No. 22, lodged objections to Judge Katz's second R&R.  Dkt. No. 23.

Upon *de novo* review, Judge Katz's R&R is accepted and will be adopted.  *See* 28 U.S.C. § 636(b)(1)(C).  Broadly speaking, plaintiff claims in her objections that this Court should reject the R&R because she is entitled to the benefit of several plaintiff-friendly background principles: the general measure of solicitude owed to *pro se* litigants, the generous construction given to FHA claims in light of the statute's broad remedial purpose, and the fact that, at the pleadings stage, a

complaint need only contain sufficient factual matter to state a "plausible" claim.  *See* Dkt. No. 23.  Plaintiff is more or less correct about all three of those background principles.  But there is no indication that Judge Katz misapplied any of them in his R&R.  Accordingly, plaintiff's complaint will be dismissed with partial leave to amend.  Plaintiff is cautioned that any second amended complaint will completely replace and supersede her prior pleadings.

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 18) is ACCEPTED;

2.  Plaintiff's amended complaint (Dkt. No. 17) is DISMISSED with partial leave to amend;

3.  Plaintiff's emergency motion (Dkt. No. 19) is DENIED without prejudice;

4.  Plaintiff shall have thirty (30) days in which to file a second amended complaint;

5.  If plaintiff timely files a second amended complaint, the Clerk is directed to REFER the file to Judge Katz for further action as appropriate; and

6.  If plaintiff does not timely file a second amended complaint, the Clerk is directed to enter a judgment dismissing this action and close the file without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motions and set a deadline accordingly.

**IT IS SO ORDERED.**

Dated:  March 13, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge