**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NATALIE J. OKSEN,

        Plaintiff,

        -v-                        5:25-CV-822 (AJB/MJK)

FORT DRUM MOUNTAIN
COMMUNITY HOMES, LLC *et al.*,

        Defendants.

---

APPEARANCES:                        OF COUNSEL:

NATALIE J. OKSEN
Plaintiff, Pro Se
20 Ivy Grove Court
Shelton, CT 06484

**Hon. Anthony Brindisi, U.S. District Judge:**

## <u>ORDER ON REPORT & RECOMMENDATION</u>

On June 25, 2025, *pro se* plaintiff Natalie J. Oksen ("plaintiff"), the spouse of a military servicemember, filed this civil action alleging that defendants violated her rights under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the Servicemembers Civil Relief Act ("SCRA"), and related state law.  Dkt. No. 1.  Along with her complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

On July 25, 2025, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application and, after an initial review of her pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed in its entirety.  Dkt. No. 6.  In Judge Katz's view, plaintiff's initial complaint failed to state any claims for relief under the relatively "forgiving" standard that applies on initial review.  *See id.*

- 1 -

On August 27, 2025, the Court adopted Judge Katz's R&R over plaintiff's objections. Dkt. No. 8. At that time, the Court gave plaintiff a thirty-day period in which to submit an amended complaint that "cure[d] the deficiencies identified in Judge Katz's R&R." *Id*. Thereafter, plaintiff received several extensions of time, Dkt. Nos. 11, 13, 16, and eventually filed an amended complaint. Dkt. No. 17.

On January 21, 2026, Judge Katz advised in a second R&R that plaintiff's amended complaint be dismissed with *partial* leave to amend. Dkt. No. 18. There, Judge Katz explained that plaintiff had—for a second time—failed to plausibly allege an FHA § 3604(f) discrimination claim and therefore further leave to amend that claim would be unwarranted. *Id*.

However, Judge Katz opined that, with the benefit of further leave to amend, plaintiff might be able to plausibly allege an FHA § 3617 retaliation claim based on defendants' alleged enforcement of the pet policy against her. *See* Dkt. No. 18. Accordingly, Judge Katz recommended that plaintiff's amended complaint be dismissed with *partial* leave to amend so that she could attempt to replead that FHA § 3617 retaliation claim. *Id*.

While that R&R was pending review with this Court, plaintiff filed an "emergency" motion for a temporary restraining order and a preliminary injunction. Dkt. No. 19. She also filed a notice of supplemental facts, Dkt. No. 20, and, after receiving an extension of time in which to do so, Dkt. No. 22, lodged objections to Judge Katz's second R&R. Dkt. No. 23.

On March 13, 2026, the Court adopted Judge Katz's R&R over plaintiff's objections and denied her motion for preliminary relief without prejudice. Dkt. No. 24. At that time, the Court dismissed plaintiff's amended complaint with *partial* leave to amend as to her FHA retaliation claim and gave her thirty days in which to file a second amended complaint. *Id*.

Plaintiff received an extension of time, Dkt. No. 26, and then filed a second amended complaint.  Dkt. No. 27.  But it failed to comply with the Court's prior orders, and in particular the Court's order permitting "partial leave to replead as to her FHA retaliation claim only."  Dkt. No. 28.  So the Court *sua sponte* struck the pleading from the docket and invited plaintiff to replead in accordance with the Court's prior instructions.  *Id*.  Thereafter, plaintiff re-filed a second amended complaint.  Dkt. No. 30.

On July 17, 2026, Judge Katz conducted an initial review of this pleading, advised by R&R that plaintiff's second amended complaint plausibly alleged an FHA retaliation claim, and recommended that her claim be permitted to proceed.  Dkt. No. 31.  Plaintiff has not lodged objections, and the time period in which to do so has expired.  *See id*.  Upon review for clear error, Judge Katz's R&R is accepted and will be adopted.  *See* Fed. R. Civ. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 31) is ACCEPTED; and

2.  Plaintiff's second amended complaint is REFERRED to Judge Katz for an appropriate order regarding service.

The Clerk of the Court is directed to terminate the pending motion and refer the matter accordingly.

**IT IS SO ORDERED.**

Dated:   August 10, 2026
         Utica, New York.

Anthony J. Brindisi
U.S. District Judge